**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| MACHIAS SAVINGS BANK,<br><br>    Plaintiff,<br><br>v.<br><br>*F/V SEADUCTION* (O.N. 1112478),<br>    *her masts, boilers, cables, engines,*<br>    *machinery, bowsprits, sails, rigging,*<br>    *boats, anchors, chains, tackle,*<br>    *apparel, furniture, fitting, tools,*<br>    *pumps, and her other equipment and*<br>    *supplies,*<br><br>    *in rem,*<br><br>    Defendant. | Civil Action<br>Docket No. _____ |

**VERIFIED COMPLAINT**

Machias Savings Bank ("Plaintiff") hereby files this Verified Complaint *in rem* against the *F/V SEADUCTION* (O.N. 1112478), her masts, boilers, cables, engines, machinery, bowsprits, sails, rigging, boats, anchors, chains, tackle, apparel, furniture, fitting, tools, pumps, and her other equipment and supplies (collectively, the "Vessel"), to foreclose and enforce a maritime lien, and states as follows:

**JURISDICTION & VENUE**

1. This is a matter within the admiralty and maritime jurisdiction of this Court within the meaning of 28 U.S.C. § 1333, 46 U.S.C. §§ 31301 and 31322 *et seq.* (the "Maritime Lien Act"), Fed. R. Civ. P. 9(h), and Rules C and E of the Supplemental Rules for Certain Admiralty and Maritime Claims (the "Supplemental Maritime Rules").

1

2. Upon information and belief, Vessel is operated from the port in Jonesport, Maine and is now, and during the pendency of this action will be, within the District of Maine, and thus is this Court has jurisdiction over the Vessel and venue in this Court is proper.

## PARTIES

3. Plaintiff is a banking institution with a principal place of business in Machias, Maine. Plaintiff provides loans to maritime businesses, often secured by vessels.

4. Defendant *F/V SEADUCTION* (O.N. 1112478), *in rem*, is a commercial fishing vessel that is 40 feet in length. Defendant was constructed by Mount Desert Island Boatworks in Southwest Harbor, Maine in 2001.

5. Defendant is owned by Darren L. Graham, an individual residing in Maine with a mailing address of PO Box 49, Addison, Maine ("Borrower").

## FACTUAL BACKGROUND

6. On June 7, 2022, the Borrower executed and delivered a commercial promissory note to Plaintiff in the original principal amount of $236,000.00 (the "Note"). A true and correct copy of the Note is attached hereto as **Exhibit A**.

7. The Note was secured by, among other things, the Vessel, pursuant to that certain First Preferred Mortgage in favor of Plaintiff dated June 7, 2022, and filed on June 28, 2022, with the U.S. Coast Guard National Vessel Documentation Center (the "Registry"), Batch 108636100, Doc. ID 3 (the "Mortgage"). The Mortgage constitutes a preferred maritime lien on the Vessel pursuant to sections 31301 and 31322 of the Maritime Lien Act. A true and correct copy of the Mortgage is attached hereto as **Exhibit B**.

8. In addition, on January 16, 2013, the Borrower executed and delivered a commercial promissory note to Plaintiff in the original amount of $10,000 (the "LOC Note"). A

true and correct copy of the Note is attached hereto as **Exhibit C**. The LOC Note is secured by traps, ropes, buoys, and gear owned by the Borrower, which are also subject to the Mortgage.

9. Upon information and belief, the Borrower has owned and operated the Vessel from the port of Jonesport, Maine since at least June of 2022, and, upon information and belief, the Vessel is used for commercial fishing operations.

10. Plaintiff served the Borrower with a notice of default and acceleration with respect to the Note and the LOC Note, and a demand for full payment due to the Borrower's failure to make payments related to the Note and LOC Note (the "Notice"). As of December 30, 2024, the Borrower was liable to Plaintiff on the Note in the amount of $238,792.28, with interest continuing to accrue at a daily rate of $54.29, and was liable on the LOC Note in the amount of $10,554.65, with interest continuing to accrue at a daily rate of $2.62. Additionally, pursuant to the Note, the LOC Note, and the Mortgage, Plaintiff is entitled to its reasonable collection costs, including attorneys' fees.

11. For the reasons set forth above, the Vessel is therefore liable, *in rem*, to Plaintiff in the amounts set forth in Paragraph 10, plus interest, penalties, other charges/costs, collection costs, and costs *in custodia legis*.

WHEREFORE, Plaintiff respectfully requests that this Court:

(A) issue process of maritime arrest against the Vessel pursuant to Rules C and E of the Supplemental Rules and the Maritime Lien Act;

(B) enter judgment in favor of Plaintiff in the amounts set forth above, plus interest, penalties, other charges/costs, collection costs, and costs *in custodia legis*;

(C) condemn and sell the Vessel to satisfy the obligations under the Note, LOC Note, and Mortgage and any judgment of this Court; and

(D) grant such other and further relief to Plaintiff as this Court deems just and proper.

DATED: January 30, 2025　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　*/s/ Oliver Mac Walton*
　　　　　　　　　　　　　　　　　　　Jeremy R. Fischer
　　　　　　　　　　　　　　　　　　　Oliver Mac Walton
　　　　　　　　　　　　　　　　　　　**DRUMMOND WOODSUM**
　　　　　　　　　　　　　　　　　　　84 Marginal Way, Suite 600
　　　　　　　　　　　　　　　　　　　Portland, Maine  04101-2480
　　　　　　　　　　　　　　　　　　　(207) 772-1941
　　　　　　　　　　　　　　　　　　　jfischer@dwmlaw.com
　　　　　　　　　　　　　　　　　　　owalton@dwmlaw.com

　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff Machias Savings Bank*

[*verification page follows*]

## VERIFICATION

I, Greg Fuller, hereby declare as follows:

1. I am a Senior Vice President for Asset Management at Machias Savings Bank, where I am responsible for overseeing all loans that are in default.

2. I have reviewed the foregoing allegations in the Complaint, and pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the allegations are true and correct based on my personal knowledge, except where stated on information and belief, in which case I believe such allegations to be true.

Dated: January 22, 2025

Greg Fuller
SVP, Asset Management
Machias Savings Bank