UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **MACHIAS SAVINGS BANK,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| v. | ) No. 1:25-cv-00037-SDN |
| | ) |
| **F/V SEADUCTION** | ) |
| (O.N. 1112478), her masts, boilers, cables, engines, machinery, bowspirits, sails, rigging, boats, anchors, chains, tackle, apparel, furniture, fitting, tools, pumps, and her other equipment and supplies, | ) ) ) ) ) ) ) |
| | ) |
| *in rem,* | ) |
| | ) |
| **Defendant.** | ) |

**ORDER ON MOTION TO APPOINT SUBSTITUTE CUSTODIAN**

Upon consideration of the Plaintiff motion to appoint a substitute custodian (ECF No. 3) for *in rem* Defendant *F/V Seaduction* (O.N. 1112478), her engines, boilers, tackle, fishing and salting equipment, appurtenances, electronics, and her other operating equipment, etc. (the "Vessel"), the Court finds that a substitute custodian is appropriate under the existing facts and hereby **GRANTS** the motion. The Court further **ORDERS** as follows:

1. Journey's End Marina (the "Custodian") is hereby appointed substitute Custodian of the Vessel.

2. Upon seizure of the Vessel, the United States Marshal shall surrender possession of the Vessel to the Custodian.

3. The Custodian shall be responsible for the safekeeping of the Vessel for the pendency of this action and until further order of this Court, all for a sum, including wharfage and/or storage and routine services required for the safekeeping of the Vessel, substantially less than that required by the United States Marshal.

4. The United States Marshal is hereby released from any and all duty, liability, and responsibility for the care and custody of the Vessel from the time they arrest and take into custody the Vessel. The Custodian shall hold the United States Marshal harmless from any and all claims whatsoever arising out of said custody.

5. The Plaintiff shall maintain a marine insurance policy covering the Vessel, with a limit of one million dollars ($1,000,000.00), during the pendency of this action.

6. The Plaintiff is directed to have the Vessel photographed as soon after seizure as is practicable.

7. The Plaintiff's attorney shall serve a copy of this order on the Vessel's owner.

## NOTICE

Any objections to this Order shall be filed pursuant to Fed. R. Civ. P. 72.

Dated: January 31, 2025

/s/ Karen Frink Wolf
United States Magistrate Judge