UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| MACHIAS SAVINGS BANK, )<br>)<br>　　　　　Plaintiff, )<br>)<br>v. )<br>)<br>F/V SEADUCTION (O.N. 1112478), )<br>　　*her masts, boilers, cables,* )<br>　　*engines, machinery, bowsprits,* )<br>　　*sails, rigging, boats, anchors,* )<br>　　*chains, tackle, apparel,* )<br>　　*furniture, fitting, tools, pumps,* )<br>　　*and her other equipment* )<br>　　*and supplies,* )<br>)<br>　　*in rem,* )<br>)<br>　　　　　Defendant. ) | 1:25-cv-00037-SDN |

## **DEFAULT JUDGMENT AND ORDER OF SALE**

In consideration of Plaintiff's Motion for Entry of Default Judgment and Order of Sale, ECF No. 18, it is hereby ORDERED as follows:[1]

1. The Motion is GRANTED.

2. Default judgment is hereby entered against in rem Defendant F/V Seaduction (O.N. 1112478), her masts, boilers, cables, engines, machinery, bowsprits, sails, rigging, boats, anchors, chains, tackle, apparel, furniture, fitting, tools, pumps, and her other equipment and supplies, in rem (the "Vessel") and all persons who have failed to file and present claims as ordered by the Court. The deadline for filing claims and answers has passed, no claims or answers were filed, and the Court entered an order for default on May 12, 2025 (ECF No. 16).

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the motion.

1

3. Plaintiff is hereby granted default judgment in rem against the Vessel in the amount of $238,792.28 on the Note (with interest accruing since December 30, 2024 at a daily rate of $54.29), and $10,554.65 on the LOC Note (with interest accruing since December 30, 2024 at a daily rate of $2.62), plus *in custodia legis* costs, costs of court, and reasonable attorney's fees (which Plaintiff shall address in a motion for confirmation of sale once the Vessel has been sold).

4. Pursuant to Rule E(9)(b) of the Supplemental Rules for Certain Admiralty and Maritime Claims, following entry of judgment, the U.S. Marshal for the District of Maine (the "U.S. Marshal") is authorized and directed to sell the Vessel as soon as possible, with proceeds "forthwith paid into the registry of the court to be disposed of according to law," subject to the following terms:

   a. That the U.S. Marshal shall sell the Vessel at public auction for the highest price that can be obtained;

   b. That the public auction shall take place at Journey's End Marina, 120 Tillson Avenue, Rockland, ME 04841;

   c. That Plaintiff or the U.S. Marshal shall give notice of the date, time, and place of said sale by advertising the same at least once per week for two successive weeks in the Portland Press Herald, the first advertisement being at least 7 days prior to the date of sale, in the form attached hereto as Exhibit A;

   d. That the U.S. Marshal be directed to require at said sale that the highest bidder deposit, with the U.S. Marshal on the day of sale, ten percent (10%) in certified check payable to the "United States Marshal for the District of Maine," provided that Plaintiff may bid up to the amount of its debt without posting the required deposit;

e.  That the U.S. Marshal be directed to pay into the Registry of the United States District Court for the District of Maine any and all monies or notes received as a result of said sale;

f.  That such public sale by the U.S. Marshal be subject to confirmation by the Court at a hearing to be held at the United States District Court for the District of Maine, on a date and time to be established;

g. That Plaintiff be entitled to bid at the sale up to the amount of its indebtedness without outlay of funds; and

h. That the sale include all vessel appurtenances, specifically including her fishing history and licenses pursuant to Gowen, Inc. v. F/V Quality One, 244 F.3d 64, 67-71 (1st Cir. 2001).

**SO ORDERED.**

Dated this 8th day of July, 2025.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**