**UNITED STATES DISTRICT COURT**

**DISTRICT OF MAINE**

| | |
|---|---|
| MACHIAS SAVINGS BANK, | ) |
|       Plaintiff, | ) |
| v. | )    1:25-cv-00037-SDN |
| F/V SEADUCTION (O.N. 1112478), | ) |
|     *her masts, boilers, cables,* | ) |
|     *engines, machinery, bowsprits,* | ) |
|     *sails, rigging, boats, anchors,* | ) |
|     *chains, tackle, apparel,* | ) |
|     *furniture, fitting, tools, pumps,* | ) |
|     *and her other equipment* | ) |
|     *and supplies,* | ) |
|     *in rem,* | ) |
|       Defendant. | ) |

## ORDER CONFIRMING SALE OF VESSEL

On July 8, 2025, I entered default judgment against in rem Defendant F/V Seaduction (O.N. 1112478), her engines, gear, tackle, apparel, equipment, supplies, etc. (the "Vessel") in the amount of $249,346.93, plus interest as set forth therein, *in custodia legis* costs, costs of court, and reasonable attorney's fees. ECF No. 26. I also ordered the sale of the Vessel, directing the U.S. Marshal for the District of Maine (the "Marshal") to conduct a public sale of the Vessel.

After publishing notice of the sale, the Marshal conducted a public auction on August 14, 2025. *See* ECF No. 27. Two bidders, including Plaintiff, registered to bid at the auction. Plaintiff submitted the only and prevailing bid of $155,000, a credit bid. Now, Plaintiff moves to confirm the sale. ECF No. 28.

1

"In deciding whether or not to confirm a sale, . . . the Court must not unnecessarily disturb the results of a fairly conducted auction unless the rights of the creditors and debtor are significantly infringed." *Gowen, Inc. v. F/V Quality One*, 2000 A.M.C. 2225, 2000 WL 893402, at *4 (D. Me. June 14, 2000), *aff'd*, 244 F.3d 64 (1st Cir. 2001). A fairly conducted auction should be confirmed unless "there is a substantial disparity between the highest bid and the appraised or fair market value, and there is a reasonable degree of probability that a substantially better price will be obtained by a resale." *Id*. (quotation modified). "Given the inherent circumstances of a forced sale, a foreclosure sale is not expected to generate a price equal to or even near the market value of a piece of property." *Id*. at *5. Even if the bid is deemed inadequate, "the Court should order a new auction only if the bid is *grossly* inadequate." *Id*. (emphasis added).

Plaintiff submitted a declaration from Gregory J. Fuller, a Senior Vice President at Machias Savings Bank, describing the publication of the notices of sale in four separate newspapers of general circulation, as well as the outreach and marketing efforts of an experienced maritime asset auction house. ECF No. 28-1. These efforts satisfied Plaintiff's obligation under my Order of Sale to adequately publicize the auction. Additionally, the sale price of $155,000.00 is commercially reasonable and not grossly inadequate. In the Order of Sale, Plaintiff was expressly authorized to credit bid for the Vessel without further outlay of funds, and the sale price reflects the appraised value of the Vessel. *See* ECF No. 28-1 (marine survey estimating market value of the Vessel as $150,000 to $155,000). Moreover, because the sale price does not approach the amount of Plaintiff's judgment debt alone, Plaintiff has waived the right to recover *in custodia legis* costs, costs of court, and attorney's fees, to all of which Plaintiff otherwise would be entitled to under the Judgment and Order of Sale.

Accordingly, the Court finds the winning bid to be fair and commercially reasonable. Therefore, I order as follows:

- The motion to confirm sale, ECF No. 28, is **GRANTED**.

- The sale of the F/V Seaduction (O.N. 1112478), her engines, gear, tackle, apparel, equipment, supplies, etc. (the "Vessel") to Plaintiff Machias Savings Bank for the sum of $155,000.00 is hereby confirmed, and the Marshal is hereby directed to issue a bill of sale for the Vessel to Plaintiff Machias Savings Bank free and clear of any liens or encumbrances whatsoever.

- Plaintiff shall not have to pay into the registry of the Court any further sums.

- To the extent that any additional amounts are due to the Marshal under 28 U.S.C. § 1921, Plaintiff shall pay said amounts to the Marshal prior to receiving a bill of sale.

**SO ORDERED.**

Dated this 4th day of September, 2025.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**